# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **BILLY R. PRICE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:04CV00032 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | By: James P. Jones |
| **COMMISSIONER OF** | ) | Chief United States District Judge |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

In this social security case, I affirm the Commissioner's decisiion.

## *I. Background.*

Billy R. Price filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for a period of disability and disability insurance benefits ("DIB") under title II of the Social Security Act, 42 U.S.C.A. §§ 401-433 (West 2003 & Supp. 2005) ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 405(g).

My review under the Act is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial

evidence exists, this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Id.*

Price first applied for benefits on April 26, 1996, and was denied at all administrative levels of review. On appeal to this court, the case was remanded for further consideration by order dated February 29, 2000. Following remand, the administrative law judge ("ALJ") again issued a denial decision, which was subsequently affirmed by this court by order dated August 22, 2002.

Price filed his current application for benefits on May 18, 2001, alleging disability since July 31, 1995, and obtained a hearing before an ALJ on December 6, 2002. By decision dated February 11, 2003, the ALJ found that the period on or prior to September 26, 2000, was barred by res judicata, and that the plaintiff was not disabled within the meaning of the Act at any time beginning September 27, 2000, through December 31, 2000. The Social Security Administration's Appeals Council denied review, and the ALJ's opinion constitutes the final decision of the Commissioner.

The parties have briefed the issues, and the case is ripe for decision.

## II. Facts.

The plaintiff was fifty-seven years old at the time of the ALJ's decision and had a high school education and two years of college. Price has past relevant work experience as an electrical repairman, which requires heavy exertion. He claims disability due to multiple impairments, including knee problems, depression, and hearing loss.

The ALJ reviewed medical evidence from Holston Valley Medical Center; Kenneth D. Kiser, M.D.; Karl Konrad, Ph.D., M.D.; St. Mary's Hospital; Kevin Blackwell, D.O.; Lonesome Pine Hospital; and Catherine Rutherford, Ph.D.

Based upon the evidence, the ALJ determined that the plaintiff is unable to perform his past relevant work, but has the residual functional capacity ("RFC") to perform the full range of medium work.

## III. Analysis.

The plaintiff contends that the ALJ's decision is not supported by substantial evidence. Specifically, he argues that the ALJ erred by failing to address the retrospective opinion offered by Dr. Rutherford, and by making a finding that was inconsistent with a prior ALJ decision. For the following reasons, I disagree with the plaintiff's arguments.

*A*

Price first argues that the ALJ erred by failing to address Dr. Rutherford's opinion regarding his mental condition.

In reviewing for substantial evidence, I do not re-weigh conflicting evidence, make credibility determinations, or substitute my judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). If, in the face of conflicting evidence, reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who makes the decision. *See Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Accordingly, "[t]he issue before [me], therefore, is not whether [Price] is disabled, but whether the ALJ's finding that [he] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

The ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up "specious inconsistencies," *see Scivally v. Sullivan*, 966 F.2d 1070, 1076-77 (7th Cir. 1992), or has not given good reason for the weight afforded a particular opinion. *See* 20 C.F.R. § 404.1527(d) (2005). A medical expert's opinion as to the ultimate conclusion of disability is not dispositive; opinions as to disability are reserved for

the Commissioner. *See* 20 C.F.R. § 404.1527(e)(1) (2005). Generally, an expert's opinion is given more weight the more the medical source presents relevant evidence to support it and the better the source explains the opinion. *See* 20 C.F.R. § 404.1527(d)(3). In addition, the more consistent the opinion is with the record as a whole, the more weight it will be given. *See* 20 C.F.R. § 404.1527(d)(4). Medical findings must also be supported by "medically acceptable clinical and laboratory diagnostic techniques." *See* 20 C.F.R. § 404.1526(b) (2005).

In this case, the ALJ's opinion, as it relates to the plaintiff's mental condition, is supported by substantial medical evidence in the record. The period of time pertinent to Price's claim is September 27, 2000, the day after the date of the decision in Price's prior claim, through December 31, 2000, the date Price was last insured. In a report dated November 25, 2002, Dr. Rutherford diagnosed the plaintiff with major depressive disorder, considered moderate (R. at 173), and indicated that the plaintiff had severe restrictions in several work-related areas, including remembering and carrying out detailed instructions, and making social adjustments in the work place. (R. at 174-75.) Prior to Dr. Rutherford's evaluation of the plaintiff's mental condition, which was completed two years after the date the plaintiff was last insured, there was no reference to the plaintiff experiencing any type of mental impairment during the relevant period. Indeed, the plaintiff's treating physicians did not note any

symptoms of depression or any other emotional disorder during the relevant period (R. at 92-168, 177-82.) Moreover, although Dr. Rutherford's report stated that the plaintiff appeared to have "long standing" symptoms of depression (R. at 173), it offered no opinion regarding what limitations, if any, the plaintiff had during the relevant period. Contrary to the plaintiff's contention, the ALJ did consider Dr. Rutherford's report (R. at 17), and while it may be true that the plaintiff suffered from a severe mental impairment at the time of Dr. Rutherford's evaluation, that opinion does little to support a finding that the plaintiff suffered from a severe mental impairment on or before December 31, 2000. The ALJ did not err in discounting this opinion.

*B*

Next, the plaintiff argues that the ALJ erred by making inconsistent findings regarding his hearing impairment.

In *Lively v. Sec'y of Health & Human Servs.*, an ALJ determined that although the Social Security claimant could not return to his past relevant work as a coal miner, he had the residual functional capacity to perform light work and was therefore not disabled under the regulations. 820 F.2d 1391, 1391-92 (4th Cir. 1987). Two weeks later, when the claimant reached the age of fifty-five, he filed a new claim. *See id.*

At a subsequent hearing the ALJ found, without discussion of the prior adjudication, that the plaintiff could return to his coal mining job. *See id.* at 1392.

On review, the Fourth Circuit stated that the "fundamental and familiar principles of *res judicata* apply in Social Security cases." *Id.* As a result, the court held that the Commissioner "must shoulder the burden of demonstrating that the claimant's condition had improved significantly to indicate that the claimant was capable of performing" his past relevant work. *Id.*

In a later case, the Fourth Circuit explained that *Lively* was not predicated on the traditional doctrine of res judicata, but on "principles of finality and fundamental fairness . . . ." *See Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 477 (4th Cir. 1999). The court held that a prior determination by the Commissioner is not conclusive and the Commissioner may reach a different result if there is substantial evidence of improvement in the claimant's condition. *See id.* The court instructed that the *Lively* decision was "best understood as a practical application of the substantial evidence rule." *Id.*

Based on this precedent, I find that the ALJ's decision in the present case is supported by substantial evidence as to Price's hearing impairment. In the ALJ's decision dated September 26, 2000, the ALJ found that the plaintiff had a severe hearing impairment. (R. at 40.) That ALJ ultimately found that the plaintiff was not

-7-

disabled because he retained the RFC to perform medium work with restrictions. (*Id*.) Despite the plaintiff's contention, the present determination is consistent with the prior determination because the present ALJ also found that the plaintiff had a severe impairment of "high frequency hearing loss with retained ability to hear normal speech." (R. at 18.) The ALJ is not necessarily bound by the prior determination, but, in any event, his findings are consistent with the prior decision.

## *IV. Conclusion.*

For the foregoing reasons, the Commissioner's decision will be affirmed. A separate judgment consistent with this Opinion is being entered herewith.

DATED: September 26, 2005

/s/ JAMES P. JONES
Chief United States District Judge